**In re SIDCO, INC., Debtor.**

**Bankruptcy No. 93–15522B–11F.**

United States Bankruptcy Court,
E.D. California,
Fresno Division.

Dec. 17, 1993.

Charles L. Lazaro, Visalia, CA, for debtor.

Carol D. Mills, Fresno, CA, for U.S. trustee.

## MEMORANDUM OF DECISION ON APPLICATION FOR EMPLOYMENT OF COUNSEL

BRETT J. DORIAN, Bankruptcy Judge.

The debtor-in-possession in this Chapter 11 case has applied for authorization to employ Charles L. Lazaro as general counsel. The United States Trustee has objected on the ground that Mr. Lazaro has previously performed legal services including drafting and negotiating certain unspecified contracts for one Arnold Kaplan and that the application to employ and the filed schedules reveal the following: that Mr. Kaplan is a 90% shareholder in the debtor, that he is listed as an unsecured creditor and a co-debtor, that he made withdrawals from the debtor of over $15,000.00 in the year prior to the filing of the petition, that he holds the office of secretary of the debtor, that he has made loans to the debtor of over $300,000.00, and that he is the guarantor of various obligations of the debtor.

While the United States Trustee notes that Mr. Kaplan has waived any conflict, it is urged that the employment should not be authorized because if Mr. Kaplan made payments on the guarantees, these may constitute recoverable preferences which, impliedly, would remain unpursued. (This is, of course, mere speculation at this point in the case.) A further objection is that Mr. Lazaro will not advise the debtor (who at this stage is for all practical purposes controlled by Mr. Kaplan) what actions should be undertaken against Mr. Kaplan with regard to other aspects of his transactions with the debtor.

All of this is flight into the absurd. Somewhere along the way the United States Trustee has come up with the notion that an attorney must represent the interests not only of the client but of other parties whose interests may be adverse to those of the client. This view appears to ignore the fact that the attorney is not the trustee, nor is the attorney required, much less permitted, to undertake any action contrary to the interests of the client.

While a debtor-in-possession has obligations under 11 U.S.C. § 1106 and can be ousted from possession for the commission of acts set forth in 11 U.S.C. § 1104, there is no reason to assume within the context of the attorney-client relationship that any employed attorney will not fully and competently advise the debtor-in-possession as to all relevant matters. In the final analysis, however, it is the client/debtor-in-possession who decides what actions shall be undertaken by the attorney; it is not the attorney who decides what matters, such as avoidance of preferences, shall be pursued.

In the court's view, any attorney representing the debtor-in-possession will be, in effect, carrying out the wishes of Mr. Kaplan, who, as a 90% owner of the debtor, will decide what duties the attorney for the debtor-in-possession will perform. The fact is, as

is the case in virtually every Chapter 11 case involving a closely-held corporation, that the debtor-in-possession is unlikely to undertake any actions contrary to the interests of the principals of the business; the work done by the attorney is clearly going to reflect that fact.

The objections of the U.S. Trustee are in reality reasons which may be appropriate in seeking the appointment of a trustee on the ground that the debtor, by virtue of its control by Mr. Kaplan, should be ousted from possession under 11 U.S.C. § 1104 because it will not undertake acts beneficial to the estate.[1]  However, a request for such relief is not before the court.

There being no other objections to the employment of Mr. Lazaro and the court finding that Mr. Lazaro is qualified to represent the debtor-in-possession, an order authorizing his employment will issue.

1. While employing the broad term "cause" as a ground for appointment of a trustee, § 1104(a)(1) refers to "fraud, dishonesty, incompetence" and "gross mismanagement". These factors involve serious misconduct. Nothing in this memorandum is intended as a finding that such cause does or does not exist in this case.

In the context of the planned reorganization effort to be undertaken in this case, it may or may not be in the best interests of the debtor or of creditors to act upon matters related to Mr. Kaplan. It is noted that even 11 U.S.C. § 547 on avoidance of preferential transfers, as well as the other so-called "strong-arm" provisions of § 545 and § 548 use the permissive "may", rather than the mandatory "shall", indicating a statutory intent that such powers be used in a manner appropriate to the goal sought to be achieved at a given point in the bankruptcy proceeding.