**In re James G. and Patricia G. FRANCIS, Debtors.**

**Bankruptcy No. 93–13889B–11K.**

United States Bankruptcy Court,
E.D. California,
Fresno Division.

March 31, 1994.

John P. Eleazarian, Kimble, MacMichael & Upton, Fresno, CA, for debtors.

Carol D. Mills, Fresno, CA, for U.S. Trustee.

Robert F. Kornegay, Robinson, Diamant, Brill & Klausner, Los Angeles, CA, for Randell Parker, Chapter 7 Trustee for Estate of James G. Francis Contractor, Inc.

## MEMORANDUM OF DECISION ON APPLICATION TO EMPLOY COUNSEL

BRETT J. DORIAN, Bankruptcy Judge.

Debtors James G. and Patricia G. Francis ("the debtors") filed a chapter 11 petition *in propria persona* on July 21, 1993. On December 15, 1993, the debtors filed an application to employ the law firm of Kimble, MacMichael & Upton ("the firm") as legal counsel. The firm presently represents as bankruptcy counsel the debtors' wholly owned corporation, James G. Francis Contractor, Inc., ("the corporation") in a chapter 7 proceeding also pending in this court as case number 189–01769–B–7K. The corporation's case was originally filed as a chapter 11 on April 21, 1989, but was subsequently converted to a chapter 7 on April 14, 1992.

The debtors' application recites that they be permitted to employ the firm not only for its skill and experience in representation of chapter 11 debtors but also because the firm has gained through its representation of the corporation in the corporation's bankruptcy proceeding specific knowledge that relates to the debtors in this case, factors which would permit efficient and economical handling of this matter.

The debtors assert that there is nothing improper in the firm's representation of both debtors, especially in view of the fact that the chapter 7 trustee in the corporate case is represented by his own attorney. Also, it is anticipated that efforts will be undertaken to re-convert the corporate case to a chapter 11 and to deal with debts identical in both cases in a uniform fashion. The debtors also note that they do not intend to seek removal of the trustee if the corporate case is reconverted.

The declaration of the firm filed in support of the debtors' application discloses its ongoing representation of the corporation and the fact that a former associate of the firm who made at least one appearance on behalf of the corporation is now a staff attorney in the local office of the United States Trustee. The firm also notes that it will represent the debtors in compliance with the Rules of Professional Conduct of the California State Bar regarding conflicts and confidentiality and would seek appropriate waivers or withdraw should an actual conflict arise.

The chapter 7 trustee ("the trustee")[1] in the corporate case and the United States Trustee ("the UST") have objected to the employment application.

The trustee asserts that the firm's concurrent representation of the debtors in both cases presents substantial inherent and actual conflicts of interests which, in the trustee's view, threaten his ability to administer the estate and to recover assets. He states that the affairs of the two debtors are complex and intertwined and involve substantial amounts of jointly owned real and personal property. He further asserts a "belief" that there may be conflicts between the two debt-

---

1. The standing of the trustee to object in this proceeding is somewhat murky. He at best represents the corporate estate with respect to a potential claim against Mr. Francis; but such a claim has been neither scheduled, filed nor allowed in this case, nor has any litigation even been commenced with respect to such a claim. Further, the bar date for the filing of claims has passed. However, no motion to strike the trustee's objection has been filed.

ors with respect to numerous items of property. The matters noted by the trustee involve, essentially, alleged acts on the part of Mr. Francis of improper dealings with corporate assets and of receiving funds arising from the use of purported corporate property.

The court files with regard to both bankruptcy proceedings reveal that as yet the trustee has filed no litigation with respect to these assertions despite the passage of many months since his appointment in July 1993. The trustee's objections were not accompanied by a declaration; and his purported factual allegations, with the exception of procedural events reflected by the case file in the corporate bankruptcy, are wholly without any competent evidentiary basis.

The thrust of the trustee's objection is that allowing the firm to represent the individual debtors as well as the corporate debtor would allow the same attorneys to represent parties with adverse interests.

The objections of the UST essentially parallel those of the trustee that dual representation will create a conflict. The UST states that after conversion of the corporate case to a chapter 7, Mr. Francis continued to act on behalf of the corporation, including accessing bank accounts and signing contracts, and that Mr. Francis is liable to the corporate estate for damage incurred as a result of his conduct.

These, however, are allegations at this point, not proven facts. While there is a suggestion that the corporate estate has sustained some damage, the matter remains one of pure speculation. It could well turn out that Mr. Francis' conduct benefitted the bankruptcy estate or was at least intended to do so. A three-page declaration under penalty of perjury filed in support of the UST's objection purports to set forth numerous facts as to the conduct of Mr. Francis; but it is clear that the declarant, a bankruptcy analyst employed by the UST, could not competently testify as to a single one of such facts. The declaration is replete with hearsay, speculation and questionable conclusions

of law. Only upon a full hearing as to Mr. Francis' conduct (should the trustee ever decide to pursue the matter) will the facts of that conduct, the propriety of that conduct, the effect of that conduct on the bankruptcy estate of the corporation, and the personal liability, if any, of Mr. Francis be established.

In reviewing an application for employment, it must initially be noted that the court does not dictate a debtor's choice of counsel. That choice is generally exercised before the case is ever filed. If an attorney undertakes representation in violation of a state's rules governing attorney conduct, discipline with respect to that conduct is a matter for the state body charged with attorney oversight. Only when an attorney's conduct violates or otherwise comes within the purview of federal law, federal rules, or local rules of the court, or demonstrably prejudices the judicial process will this court inquire into and rule upon the attorney's conduct.

The court's involvement does arise when the debtor seeks to have bankruptcy counsel employed as counsel to represent the debtor with respect to a debtor in possession's exercise of the powers of a trustee. However, when the debtor obtains authorization to permit debtor's counsel to perform those additional duties, such counsel is assuming an expanded scope of duties but is not taking on the representation of a new or different client. The attorney is still representing the debtor, but is now additionally representing the debtor in the debtor's exercise of a trustee's powers with regard to estate property. In no manner does the attorney abandon, nor can the attorney compromise, the existing attorney/client relationship.

Conceptually, a debtor in possession could retain other counsel to perform services related to the powers of a trustee, but 11 U.S.C. § 1107(b) [2] specifically authorizes the debtor's attorney to represent the debtor in possession; and the dictates of common sense, efficiency and economy make such authorization appropriate. The noted section

---

**2.** Unless otherwise noted, all subsequent reference to code sections are to Title 11, United

States Code—the Bankruptcy Code.

in effect waives at least some of the restrictive language of § 327(a), most arguably the requirement of disinterestedness; if it did not do so, there would be virtually no reason whatsoever for the existence of § 1107(b).

Section 327(e) of the Bankruptcy Code clearly recognizes that a distinction can exist between the interests of the debtor and the interests of the bankruptcy estate. In the case of a corporate debtor, simplistic views of the attorney/client relationship are inadequate to analyze questions of conflict and ethics. The UST argues that the corporation has a claim against Mr. Francis (an allegation yet to be proven) and that the firm's representation of both Mr. Francis and the corporation results in the firm representing adverse interests.

The reality is, however, that there is a total unity of interest between Mr. Francis, as sole owner of the corporation, and the corporation, as the corporation will always hold and seek to promote interests identical to those of the majority or sole shareholder. A bankruptcy trustee does not control the corporation; the trustee controls an estate made up of the assets of the corporation. A trustee has the power to administer and utilize those assets, but the trustee does not exercise any of the structural powers of the corporation such as electing directors or corporate officers. Those powers remain with the shareholders and the directors. There is, therefore, a clear distinction between the corporation as an entity and the estate which a trustee administers. Adverse interests and conflict can exist only when control of the corporate assets is separated from the corporate structure.

The noted difference is readily apparent in chapter 7 bankruptcy cases where it is clear that different counsel will represent the debtor and the trustee. Section 327(e) prohibits a trustee from retaining as general counsel an attorney who represents the debtor; such employment is authorized only for a specified purpose and then only if the attorney does not hold or represent any interest adverse to the matter. The section does not, however restrain a debtor-in-possession (as opposed to a trustee) from employing the debtor's attorney as general counsel.[3]

In this case, while the bankruptcy estate in the corporate case (as now controlled by a trustee who is represented by separate counsel) may have adverse claims against Mr. Francis, the corporation, as distinct from the bankruptcy estate, does not, as the corporation, still subject to Mr. Francis' control, cannot realistically or by any exercise of common sense hold an interest adverse to any interest of Mr. Francis individually [see *In re Sidco, Inc.*, 162 B.R. 299 (Bkrtcy. E.D.Cal.1993) ].[4]

This is not a case where a showing has been made upon which the court can find that counsel holds an interest adverse to the estate or is not disinterested, nor can the court find that any actual or potential conflict exists with regard to the instant case or counsel's client in the corporate case.

If the alleged misconduct of Mr. Francis is ultimately established, there may well be adverse interests as between the trustee and the debtors and between the trustee and the corporate debtor, but the firm does not now and never has represented the trustee. Even if the alleged misconduct was presently established, there is no indication, and the court could not find, that the firm would upon any insightful analysis have even a potential conflict, much less an actual one.[5]

---

3. § 327(e) would appear to make it clear that while § 1107(a) imposes all the *duties* of a trustee on a debtor-in-possession, it does not impose all of the *restrictions* placed on a trustee on a debtor in possession. Otherwise a debtor in possession would never be permitted to employ bankruptcy counsel to represent the debtor as debtor in possession. Some courts are quick to find, however, in comparing the roles of a trustee and debtor in possession when necessary to reach a desired result, that three-dimensional symmetry has been imposed by the Bankruptcy Code. See, *e.g., In re Softwaire Centre Intern., Inc.*, 994 F.2d 682 (9th Cir.1993).

4. A different analysis would obviously apply if management did not hold a majority of the voting stock of the corporation.

5. The anomalies inherent in the debtor in possession concept unfortunately give rise to conflicting views. The debtor in that role is clearly a fiduciary with respect to the assets comprising the estate. The creditors are deemed to have an

The court finds that the firm is eligible under applicable law to be employed to represent the debtors in the exercise of their powers as debtors in possession. Accordingly, the debtors are entitled to have their application for employment of counsel approved. A separate order so providing will issue.

interest in those assets. At the same time, the debtor's goal, should it be within reach, is to preserve to the debtor the maximum enjoyment and control of the assets and to surrender as little as possible to creditors as a result of the chapter 11 process. Given that reality, the concept of "fiduciary" as it applies to a debtor in possession cannot be viewed as fully identical to the term's traditional legal definition, and the proper role of an attorney representing a debtor with the powers of a trustee must be analyzed from that perspective.